523 P.2d 1303

**In the Matter of a member of the State Bar of Arizona, Robert C. PRESTON, Respondent.**

**No. SB–44.**

Supreme Court of Arizona,
En Banc.

June 27, 1974.

---

Robert F. Owens and Jarrett S. Jarvis, Phoenix, for State Bar of Arizona.

Thomas L. Wing, Phoenix, for respondent.

HAYS, Chief Justice.

A complaint was filed against the respondent by a Mr. and Mrs. Williams. After referral to an administrative committee, pursuant to Rule 33 of the Rules of the Supreme Court, a formal complaint was filed. Following a hearing at which the respondent was present and represented by counsel, the committee recommended that respondent be censured for violation of DR6–102(A), which provides as follows:

"A lawyer shall not attempt to exonerate himself from or limit his liability to his client for his personal malpractice."

The committee further recommended that a charge involving respondent's failure to file an answer or other formal appearance for his client in a lawsuit be dismissed for lack of evidence.

The recommendation of censure was upheld by the Board of Governors of the State Bar after a hearing at which the respondent was present. The recommendation was forwarded to this court for action thereon.

The transcript of record shows that the complainant, Mr. Williams, appeared at respondent's office with a friend. He expressed dissatisfaction with respondent's services and asked for his file to take to another lawyer. Respondent refused him the file unless he signed a release. He left without the file.

Respondent in his testimony denies the refusal to give the file, but he does admit that thereafter he dictated the following document and had it placed in the file:

### RELEASE

The undersigned, WOODROW W. WILLIAMS, does hereby discharge ROBERT C. PRESTON as his attorney and relieves said attorney from all further responsibilities regarding Cause No. C 250203 in the Superior Court of the State of Arizona, in and for the County of Maricopa, entitled Lucille Baughman, plaintiff, versus Woodrow W. Williams and Elsie Williams, his wife, defendants.

The undersigned does the foregoing with the understanding that the said attorney's fees, costs and expenses have been paid in full, as said attorney acknowledges by his acceptance hereof.

The undersigned does further release said attorney from any and all claims, actions or causes of action that the undersigned may have arising out of said attorney's past representation of the undersigned and further states that the undersigned does not consider said attorney's past representation of him heretofore as being subject to criticism.

By accepting this Release, said attorney does hereby pledge his cooperation

and assistance to any other person or attorney that the undersigned may hire or employ.

DATED this _____ day of _____, 197__.

_____
Woodrow W. Williams

APPROVED AND ACCEPTED:

/s/ Robert C. Preston
_____
Robert C. Preston

The offending document speaks for itself and clearly evidences a violation of DR6–102(A). Respondent's arguments that he didn't dictate the word "release" at the heading or that the release was Mr. Williams's idea are not persuasive. Nor do we find merit in the contention that since he had committed no malpractice, there was no harm in the release.

We concur with the administrative committee and the Board of Governors in the finding that DR6–102(A) has been violated. The respondent is censured.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD and HOLOHAN, JJ., concur.